UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RUDOLPH M. BROOKS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.:  3:18-CV-301-TAV-HBG |
| | ) |
| GEORGIA CROWELL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner has pro se filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his conviction in Blount County Circuit Court pursuant to a guilty plea [Doc. 2]. Having reviewed the parties' filings and the relevant state court record, the Court finds that Petitioner is not entitled to relief under § 2254, and no evidentiary hearing is warranted. *See* Rules Governing § 2254 Cases, Rule 8(a); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). For the reasons set forth below, the § 2254 petition will be **DENIED**, and this matter will be **DISMISSED**.

**I.    BACKGROUND**

This petition arises out of Petitioner's May 5, 2011 arrest for delivery of a controlled substance [Doc. 2; Doc. 11-1 p. 3–20]. A warrant was sworn out for Petitioner's arrest, pursuant to Tenn. Code Ann. § 39-17-417, after he delivered or sold oxycodone to an undercover operative within one-thousand feet of a childcare facility [Doc. 11-1 p. 3–20]. On September 28, 2011, Petitioner was bound over to a grand jury [*Id.*]. On December 8, 2011, after his preliminary hearing, Petitioner filed a pro se motion to dismiss his attorney,

Charles Carpenter [*Id.* at 28]. The court granted Petitioner's motion, and Petitioner retained Steve Merritt as new counsel [*Id.* at 29]. Petitioner filed a pro se motion for speedy trial on February 13, 2012 [*Id.* at 36].[1]

On May 22, 2015, Petitioner pled guilty to one count of maintaining a dwelling where controlled substances are used or sold, three counts of delivery of a Schedule II controlled substance, and one count of delivery of 0.5 grams or more of cocaine [Doc. 11-2 p. 8-10]. He received a twelve-year sentence to be served on split confinement, with one year of incarceration and the remaining to be served on Community Corrections probation [*Id.* at 11]. Petitioner was given credit for time served and released [*Id.*].

On September 3, 2015, a warrant was sworn out for Petitioner's arrest following multiple violations of the conditions of his Community Corrections probation [*Id.* at 18]. On September 10, 2015, Petitioner pro se filed a petition for post-conviction relief claiming that his counsel was ineffective for (1) failing to advise Petitioner of a court date which resulted in a "failure to appear warrant being issued and petitioners [sic] plea bargain being changed," and (2) failing to file a motion to suppress evidence [Doc. 11-3].[2] However, following a favorable resolution of his Community Corrections violation, Petitioner voluntarily dismissed his petition [Doc. 11-4 p. 12] and an order dismissing the petition was entered December 7, 2015 [Doc. 11-5 p. 4].

---

[1.] Although the court issued a pretrial order setting trial for July 17, 2012 [Doc. 11-1 p. 38], pretrial matters continued long after this date [*see, e.g.*, *id.* at 43–60].

[2.] Petitioner pled no further facts and offered no details on either of these claims.

Charles Carpenter [*Id.* at 28]. The court granted Petitioner's motion, and Petitioner retained Steve Merritt as new counsel [*Id.* at 29]. Petitioner filed a pro se motion for speedy trial on February 13, 2012 [*Id.* at 36].[1]

On May 22, 2015, Petitioner pled guilty to one count of maintaining a dwelling where controlled substances are used or sold, three counts of delivery of a Schedule II controlled substance, and one count of delivery of 0.5 grams or more of cocaine [Doc. 11-2 p. 8-10]. He received a twelve-year sentence to be served on split confinement, with one year of incarceration and the remaining to be served on Community Corrections probation [*Id.* at 11]. Petitioner was given credit for time served and released [*Id.*].

On September 3, 2015, a warrant was sworn out for Petitioner's arrest following multiple violations of the conditions of his Community Corrections probation [*Id.* at 18]. On September 10, 2015, Petitioner pro se filed a petition for post-conviction relief claiming that his counsel was ineffective for (1) failing to advise Petitioner of a court date which resulted in a "failure to appear warrant being issued and petitioners [sic] plea bargain being changed," and (2) failing to file a motion to suppress evidence [Doc. 11-3].[2] However, following a favorable resolution of his Community Corrections violation, Petitioner voluntarily dismissed his petition [Doc. 11-4 p. 12] and an order dismissing the petition was entered December 7, 2015 [Doc. 11-5 p. 4].

---

[1.] Although the court issued a pretrial order setting trial for July 17, 2012 [Doc. 11-1 p. 38], pretrial matters continued long after this date [*see, e.g.*, *id.* at 43–60].

[2.] Petitioner pled no further facts and offered no details on either of these claims.

On March 1, 2016, Petitioner was again arrested for a violation of the conditions of his Community Corrections probation [Doc. 11-2 p. 22; Doc. 11-4 p. 12]. On March 8, 2016, Petitioner filed a pro se motion to reopen his post-conviction proceedings in which he again asserted that counsel failed to advise him of his court date [Doc. 11-2 p. 24]. He then filed two pro se amendments to his petition, in which he raised three claims of ineffective assistance of counsel arising out of (1) counsel's failure to file a motion to dismiss based on a speedy trial violation, (2) counsel's allowing Petitioner to plead guilty to selling cocaine when the proof could not show that Petitioner had sold cocaine, and (3) counsel's failure to file motions to dismiss and suppress [Doc. 11-2 p. 26–27]. The court concluded, however, that Petitioner had not alleged "any of the statutory grounds to reopen a post-conviction relief proceeding as set forth at Tennessee Code Annotated, Section 40-30-117" [Doc. 11-5 p. 8]. Accordingly, it dismissed this motion on July 15, 2016 [*Id.* at 10].

On July 20, 2016, Petitioner pro se filed a document he characterized as "Appeal Petition for Post-Conviction Relief" in the Tennessee Court of Criminal Appeals ("TCCA") [Doc. 11-7]. The TCCA characterized this filing as a notice of appeal seeking an appeal as of right and issued an order dismissing the notice, because it was neither directed to nor filed in the trial court as directed by Rule 4 of the Tennessee Rules of Appellate Procedure [Doc. 11-8]. The court also noted that the trial court had not fully resolved Petitioner's post-conviction case and, as a result, there was no final order from

which to appeal [*Id.*]. Petitioner then filed an application for permission to appeal to the Tennessee Supreme Court ("TSC") [Doc. 11-9]. The TSC found that the trial court had in fact entered a final judgment on July 15, 2016, and accordingly, transferred the case back to the TCCA for further proceedings [*Id.*].

On April 12, 2017, Petitioner, through counsel, filed an appellate brief to the TCCA raising one issue: "whether the post-conviction court was correct to grant the State's motion to dismiss the Petitioner's motion to reopen his post-conviction claim" [Doc. 11-10 p. 4]. The State then filed a motion to dismiss the appeal arguing that "an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3 does not lie from the denial of a motion to reopen post-conviction proceedings" [Doc. 11-12]. The TCCA agreed with the State [*Id.*]. It found that Petitioner had not satisfied the procedural requirements for filing an application for permissive appeal and accordingly granted the State's motion to dismiss [*Id.*]. Petitioner again applied for permission to appeal to the TSC [Doc. 11-13], which was denied on October 3, 2017 [Doc. 11-14].

On October 30, 2015, before the resolution of his first filing in state court, Petitioner filed his first federal habeas petition. *Brooks v. Berrong*, No. 3:15-cv-520, Doc. 1. He argued that he was denied the right to a speedy trial, that he was indicted while "illegally represented" by Attorney Carpenter, and that he received ineffective assistance of counsel from Attorney Merritt. *Id.* Petitioner filed various motions to amend his petition and the State filed a motion to dismiss because each of Petitioner had not exhausted state-court

4

remedies. No. 3:15-cv-520, Docs. 6, 8, 11. In his response to the State's motion to dismiss, Petitioner did not address exhaustion; he argued that Respondent's answer was untimely. No. 3:15-cv-520, Doc. 16. On February 24, 2017, the Court dismissed the petition without prejudice for failure to exhaust state-court remedies. No. 3:15-cv-520, Doc. 18.

In November of 2017, Petitioner filed a "Petition for Writ of Habeas Corpus" in his now-closed federal habeas case followed by a letter in which Petitioner asserted he had filed two "motions to reopen." No. 3:15-cv-520, Docs. 20, 21. The Court interpreted Petitioner's filings as a motion to reconsider and subsequent amendment, which it denied on June 23, 2018, finding that Petitioner's filing neither addressed the procedural ground for the dismissal of his previous petition, nor identified any factual or legal error in the Court's decision which entitled him to relief under Rule 60(b)(6). No. 3:15-cv-520, Doc. 23.

Petitioner filed a second motion for reconsideration on June 27, 2018, arguing that in his first filing he had included the decision of the TSC denying him permission to appeal as proof that he had exhausted state-court remedies. No. 3:15-cv-520, Doc. 24. The Court denied Petitioner's motion on July 3, 2018, indicating that it had not received any documentation, cases, or evidence, and as such there was no reason to reconsider its prior order. No. 3:15-cv-520, Doc. 25. In each of these orders, Petitioner was instructed that he may file another petition in accordance with procedural rules and the applicable statute of limitations.

5

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254, a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1), (2). This standard is intentionally difficult to meet. *Woods v. Donald*, 575 U.S. 312, 316 (2015). A district court may only grant habeas relief under the "contrary to" clause where the state court decides a question of law or materially indistinguishable set of facts conversely to the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). To grant habeas relief under the "unreasonable application" clause, the Court must find that the state court's decision was an "objectively unreasonable," and not simply erroneous or incorrect, application of the correct legal principle to the facts. *Id.* at 409–11. The AEDPA likewise requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Where the record supports the state court's findings of fact, those findings are entitled to a presumption of correctness which may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In addition to the stringent standard for succeeding on the merits of a claim, the grant of habeas relief is further restrained by exhaustion requirements and the doctrine of procedural default. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order for a claim to be considered on habeas review, the petitioner must first exhaust state remedies for that claim. 28 U.S.C. § 2254(b)(1). Exhaustion requires a petitioner to "fairly present" each federal claim to all levels of the state appellate system, meaning he presented the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have a "full and fair opportunity to rule on the petitioner's claims," *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *see O'Sullivan*, 526 U.S. at 842. Tennessee has determined that presentation to the TCCA will satisfy the requirement of presentation to the state's highest court. Tenn. S. Ct. R. 39.

If a claim has never been presented to the highest available state court and is now barred from such presentation by a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Procedural default may also occur when a petitioner presented the claim to the highest court but the state court was prevented from "reaching the merits of the petitioner's claim" because the petitioner failed to comply with an applicable state procedural rule, which is regularly enforced and is an "adequate and independent" state ground. *Id.* (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)); *Seymour v.*

*Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977)).

### III. ANALYSIS

On July 23, 2018, Petitioner filed the instant petition for habeas corpus relief, which he contends he submitted to the prison mailbox room on July 17, 2018 [Doc. 1].[3] In this submission, Petitioner claims that he received ineffective assistance of counsel and that he was denied his right to a speedy trial [*Id.*]. Respondent advances two arguments in support of dismissal of the petition: (1) the petition is barred by the statute of limitations, and Petitioner is not entitled to equitable tolling and (2) Petitioner's claims are procedurally defaulted [Doc. 12]. For the reasons discussed *infra*, the Court finds Respondent's second argument well taken.

### A. Procedural Default

Petitioner is not entitled to habeas review because his claims are procedurally defaulted. Petitioner voluntarily dismissed his post-conviction petition, and while he later attempted to reopen his post-conviction proceedings, his motion was denied and his future appeals to the TCCA regarding this denial were improperly filed. Thus, Petitioner has not secured state trial or appellate court review of his claims. Now, due to Tennessee's one-year statute of limitations and "one petition" rule, it appears that state-court remedies for

---

[3.] Petitioner subsequently filed a petition for a writ of mandamus in the Sixth Circuit Court of Appeals [Doc. 14], which was denied [Doc. 15]. He later filed a petition for rehearing in the Sixth Circuit as well, which was likewise denied [Doc. 16].

8

these claims are foreclosed. *See* Tenn. Code Ann. §§ 40-30-102(a)–(c). As such, Petitioner's claims are procedurally defaulted. *See Coleman*, 501 U.S. at 732; *Seymour*, 224 F.3d at 549–50 ("When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.").

### B. Cause and Prejudice

A claim that has been procedurally defaulted may be considered on the merits only if the petitioner establishes cause for his failure to comply with the state procedural rule and actual prejudice from the alleged violation of federal law or "demonstrates that his is 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Wallace v. Sexton*, 570 F. App'x 443, 452 (6th Cir. 2014) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); s*ee also House v. Bell*, 547 U.S. 518, 536 (2006). To show sufficient "cause," Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488. Where petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Here, Petitioner cannot demonstrate cause to excuse his default, because his default is attributed to his own voluntary dismissal of his post-conviction petition and his later improper filing of his appeals regarding his motion to reopen post-conviction proceedings. Neither of these issues were caused by a factor external to the defense. Because Petitioner's claims are procedurally defaulted and he has not adequately pled cause, he is not entitled to review of his claims.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DENIED,** and this action will be **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not disagree that Petitioner's petition is procedurally defaulted due to his failure to secure state-court review of his claims. Accordingly, a **COA SHALL NOT ISSUE.**

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE